UNITED STATED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK BROWN. | : |
| 5002 Megan Drive | : |
| Clinton, MD 20735 | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : Civil Action No: |
| | : |
| UNITED STATES OF AMERICA | : |
| Walter Reed Army Medical Center | : |
| 8901 Wisconsin Avenue | : |
| Bethesda, MD | : |
| | |
| Bethesda, MD 20892 | : |
| | : |
| Serve: The Honorable Ronald C. Machen, Jr. | : |
| United States Attorney's Office | : |
| District of Columbia | : |
| 555 4ᵗʰ Street, NW | : |
| Washington, DC 20530 | : |
| | : |
| The Honorable Eric Holder | : |
| United States Dept. Of Justice | : |
| 950 Pennsylvania Avenue, NW | : |
| Washington, DC 20530-0001 | : |
| | : |
| **Defendant** | : |

## COMPLAINT

## JURISDICTION

The claims herein are brought against the United States of America pursuant to the

Federal Tort Claims Act (28 U.S.C. §2671, *et seq).*, 28 U.S.C. §1331 and 28 U.S.C. §1346(b)(1)

for monetary damages as compensation for personal injuries that were caused by negligent and

wrongful acts and omissions of employees of the United States Government while acting within

the scope of their offices and employment, under circumstances where the United States of

- 2 -

America, if a private person, would be liable to the plaintiff in accordance with the laws of the District of Columbia.

Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Torts Claim Act.

Plaintiff served his Administrative Claim on the United States Government on November 9, 2011  through National Capital Region Medical, Office Of The Command Judge Advocate, Fort Belvoir, VA 22060.

The United States Government has not responded nor rendered a decision on plaintiff's claims.  Over six months have elapsed and all conditions precedent to an Federal Torts Claim Act complaint have been met.

Plaintiff has fully complied with the provisions of District of Columbia Code §16-2802.

Plaintiff filed his notification of intent to file the claim set forth below to the National Capital Region Medical, Office of The command Judge Advocate, Fort Belvoir, VA, on _____.

Venue is proper in this court pursuant to the provision of 28 U.S.C. §1402(b) as the acts complained of occurred in the District of Columbia  and within this court's district while the defendant, Walter Reed Army Medical Center was located at 6825 16th Street, NW, Washington, DC 20307.

## PARTIES

Plaintiff, DERRICK BROWN., (hereinafter also referred to as "Mr. Brown") was at all times relevant hereto, a resident of Clinton, Maryland.

- 3 -

Both the United States Of America and its Walter Reed Army Medical Center are appropriate defendants under the Federal Tort Claims Act.

## FACTS

1.      The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28USC §2671, *et seq.*) for money damages as compensation for personal injuries that were caused by the negligence and wrongful acts and omissions of employees of the United States Government, including Walter Reed Army Medical Center and its subagents, while acting within the scope of that employment, under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the laws of the District of Columbia.

2.      Health Care Provider, Walter Reed Army Medical Center, (hereinafter also referred to as "WRAMC") was, at all times relevant hereto, a medical facility licensed to practice medicine in the District of Columbia, and as such, held itself out to the public as a facility well skilled in the practice of medicine, including surgery, and derived substantial revenue from the practice of medicine in the District of Columbia.

3.      Derrick Brown, born on November 5, 1963, was 46 years old when he, a retired United States Air force officer, underwent partial nephrectomy at Walter Reed Army Medical Center on November 17, 2009.  He was 5'9" tall and weighed 240 pounds.  He had a prior history of acid reflux and hypertension.

4.      On November 17, 2009 prior to surgery his blood pressure was 151/93 with a pulse of 71.  General endotrachial anethesia began at 07:30.  The anesthesiologists were Doctors

- 4 -

Brooks and Sagal who noted "ramp built from sheets for position of induction".  The staff surgeon was Inger Posner, Maj., MC.

5.     Partial nephrectomy assisted by a DaVinci robot began at 09:20 and ended at 14:15 at which time his blood pressure was 95/65 with a pulse of 85. Extubation occurred at this time.  Followng extubation Mr. Brown became hypoxic and went into cardiopulmonary arrest. Attempts to reintubate were unsuccessful.  At 14:45 his blood pressure was 85/70 with a pulse of 35 and the anesthesia addendum indicates loss of air way due to laryngospasm.  He was asystole and ACLS protocol was implemented.

6.     At 14:52 an emergent tracheostomy by Dr. McNally occurred.  At 14:55 his blood pressure was 25/15 with a pulse of 50.  At 14:56 a femoral line was placed.  At 14:58 scopolomine and NTG were given with albuterol via trach.  At 15:10 his blood pressure was 165/125.

7.     Mr. Brown had undergone a lengthy procedure with his airway lower than his heart, and received approximately 4,000 cc of crystalloid solution.

8.     Mr. Brown sustained a hypoxic injury which occurred over a twelve to 15 minute period until the airway was secured by an emergency tracheostomy at 14:52.  His ischemic injury occurred over an eight minute period until his blood pressure of 135/65 was noted at around 14:57 following tracheostomy and intravenous epinephine.

9.     At all times relevant hereto defendant, WRAMC was directly and vicariously liable for acts and actions of its agents, apparent agents, servants and/or employees based on "respondeat superior doctrine".

- 5 -

10.     At all times relevant hereto, WRAMC, through its agents, apparent agents, servants and/or employees owed a duty to Mr. Brown to provide reasonably skillful and responsible surgical and anesthesia treatment/care which was within the standards of practice among members of the same health care professions, with similar training and experience, situated in the same or similar communities at the time of the incident.

11.     The conduct of WRAMC's agents, servants and/or employees, deviated from the accepted standards of medical care for similarly trained and situated physicians practicing in the same specialty of medicine, and was proximate cause of the injuries suffered by the plaintiff, Mr. Brown.

12.     More specifically, but not by way of limitation, WRAMC, through its agents, apparent agents, servants, and/or employees, deviated from the accepted standard of medical surgical and anesthesia care by failing to (a) ensure that the endotracheal tube, placed at the start of the anesthesia care, was adequately secured and/or that strict extubation criteria, including leak test, were met prior to extubation; (b) re-establish an adequate airway in a timely manner;  (c) administer necessary drugs (e.g. pressors, NMBA, etc.) via an intramuscular route until intravenous access could be re-established; and (d) obtain femoral venous access in a timely manner to facilitate resuscitation measures due to erroneous cannulation of the right superficial femoral artery.

13.     Plaintiff incorporates by reference herein all allegations set forth above.

14.     Plaintiff  alleges that the health care provider herein, WRAMC, breached the applicable standards of care and through its agents, apparent agents, servants and employees was negligent in the management of Mr. Brown's laryongospasm in failing to utilize positive pressure

- 6 -

ventilation, no use of a muscle relaxant such as succinylcholine and/or a short-acting

nondepolarizing muscle relaxant, and no use of a transtrocheal jet ventilator to oxygenate pre-

tracheostomy.

15.     Under the Federal Torts Claims Act, defendants United States of America and

WRAMC are liable for the above described actions of employees of WRAMC as they were

acting within the scope of their employment in the field of medicine for the United States of

America and its WRAMC.

16.     Plaintiff alleges that WRAMC was also negligent and breached the applicable

standards of care when it compromised his ventilation and oxygenation, secondary to extubation

while undergoing a lengthy procedure.

## DAMAGES

17.     As a direct and proximate result of the aforementioned negligence of WRAMC

through its agents, apparent agents, servants and employees during Mr. Brown's surgery on

November 17, 2009, Mr. Brown sustained permanent brain injury as a direct result of hypoxia

and ischemia.

18.     As a direct and proximate result of the aforementioned negligence of WRAMC

through its agents, apparent agents, servants and/or employees, Mr. Brown has developed

impaired cognition, communication, mobility, nutrition, psychosocial skills and self care

management not limited to,  slurred speech, impaired memory, sleep deprivation, appetite

flucuations and impaired swallowing,

19.     As a direct and proximate result of the aforementioned negligence of WRAMC

through its agents, apparent agents, servants and/or employees, Mr. Brown will also need for the

- 7 -

rest of his life medical care for his current condition and a caretaker to assist him with activities of daily living.  He will for the rest of his life require medications, physical therapy, speech therapy and related medical rehabilitation, he will in the future incur costs and expenses related to medical and rehabilitative care, medical devices and supplies to help him cope with his permanent brain injury, household chores and activities of daily living, and other related costs and expenses, and he has incurred and will continue to incur pain, suffering, loss of enjoyment of life, lost wages and past and future medical costs and expenses.

31.     The United States of America is responsible for acts and omissions of WRAMC and its agents and employees under the Federal Tort Claims Act (28 USC §2671, *et seq.)*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Derrick Brown, demands from defendant, United States of America, payment of damages in a fair and just amount which exceeds the minimum jurisdictional amount necessary for a hearing in this forum, plus attorneys' fees and costs, and such other and further relief as this forum may deem just and proper.

- 8 -

Respectfully submitted,

ASHCRAFT & GEREL, LLP


By: _____/s/_____
        Wayne M. Mansulla, Esquire
        Ashcraft & Gerel, LLP
        4900 Seminary Road
        Suite 650
        Alexandria, VA 22311
         703-931-5500